**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLES A. NOVOTNY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 06-0171-WS-C** |
| | ) | |
| **MICHAEL JACK HARBIN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on plaintiff Charles Novotny's Motion for Default Judgment (doc. 25) against absentee defendants Red Rock Holdings, LLC and Barry Jernigan.[1]

On March 23, 2006, plaintiff Charles A. Novotny initiated this action by filing a Complaint (doc. 1) alleging claims against defendants Red Rock Holdings, LLC, Michael Harbin and Barry Jernigan arising from a joint business venture that is alleged to have gone terribly awry, such that Novotny's investment in excess of $100,000 has been lost without explanation. The Complaint asserts claims against Red Rock for default on a Note Payable, and against Harbin and Jernigan for fraud and concealment, theft/conversion, breach of fiduciary duties, and punitive damages.

Proof of service in the court file reflects that defendant Red Rock was served with process via its statutory agent (who happens to be defendant Harbin) via certified mail on March 31, 2006, and that Harbin himself executed the return receipt to confirm service.  (*See* doc. 8.)[2] To date, Red Rock has never appeared in this action or otherwise made any attempt to answer or defend against the causes of action asserted against it.  On May 2, 2006, a Clerk's Entry of Default (doc. 15) was entered against Red Rock pursuant to Rule 55(a), Fed.R.Civ.P., for failure

---

[1]     Defendant Michael Harbin is actively participating in this litigation; therefore, he is outside the ambit of plaintiff's Motion for Default Judgment.

[2]     Red Rock was served at a post office box address that is Harbin's address of record in both this case and various other matters in this District Court in which Harbin has appeared or is appearing in an advocate capacity.

to appear or otherwise defend against this action.  Since that time, Red Rock has made no attempt to set aside the default or otherwise participate in this litigation.

Similarly, the court file reflects that defendant Barry Jernigan was served with process via certified mail on April 3, 2006, when he personally signed for an envelope enclosing the Complaint and Summons and delivered to him at 24600 County Road 71, Robertsdale, AL 36567-3250.  (*See* doc. 9.)  Like Red Rock, Jernigan failed to answer or otherwise respond to the Complaint within the 20-day time frame specified in Rule 12, Fed.R.Civ.P.  On plaintiff's motion, Clerk's Entry of Default (doc. 15) was entered against Jernigan on May 2, 2006, contemporaneously with entry of default against Red Rock.  Unlike Red Rock, however, Jernigan responded to the Entry of Default by promptly filing a *pro se* Answer (doc. 17) on May 5, 2006.  The Answer lists Jernigan's address of record as being the same address at which he was served with process.  Of course, Jernigan's Answer did not automatically remove the default against him; rather, it was incumbent upon him to make an appropriate showing of good cause to set aside the default, pursuant to Rule 55(c), Fed.R.Civ.P.  *See also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (explaining considerations and circumstances under which entry of default may be set aside). For that reason, an Order (doc. 23) dated June 29, 2006, stated as follows: "Jernigan is **ordered**, on or before **July 10, 2006**, to **show cause** why the clerk's entry of default should be set aside pursuant to Rule 55(c), Fed.R.Civ.P.  In deference to Jernigan's *pro se* status, the Court instructs him that his response should proffer 'good cause' for why the default should be set aside, specifically addressing the factors of whether his default was willful, whether setting it aside would prejudice Novotny, and whether Jernigan has a meritorious defense to the Complaint." (Doc. 23, at 2.)  The June 29 Order was mailed to Jernigan at the same County Road 71 address at which he was served with process, and which he listed as his address in his *pro se* Answer. Notwithstanding this fact, Jernigan never acknowledged the Show Cause Order in any way, much less responded to it as he had been ordered to do by this Court.

Given their clear track record of non-participation, plaintiff filed a Motion for Default Judgment (doc. 25) as to defendants Red Rock and Jernigan on July 24, 2006, and served copies of such Motion on both of them via U.S. Mail.  Neither defaulting defendant has responded to that Motion for Default Judgment in the intervening three weeks.  Under the circumstances, the

Court finds that entry of default judgment against Red Rock and Jernigan is appropriate pursuant to Rule 55(b), Fed.R.Civ.P.  Red Rock has never answered or otherwise defended this action in accordance with the Federal Rules of Civil Procedure, despite actual notice of its pendency via service of process and service of numerous other pleadings and court filings, but has instead chosen to ignore this lawsuit.  Meanwhile, Jernigan filed a cursory *pro se* Answer after default was entered against him, but has taken no action to set aside the default and has disregarded an express Order from the Court directing him to do so.  Both Red Rock and Jernigan have ignored the Motion for Default Judgment served upon them by plaintiff.  Given this clear record of delay, willful disobedience, and bad faith, the Court readily concludes that default judgment is the only appropriate remedy and that lesser sanctions would be ineffectual.  *See In re Sunshine Jr. Stores, Inc.*, --- F.3d ----, 2006 WL 1982956 (11th Cir. July 18, 2006) ("The severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.") (citation omitted); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973) ("There is evidence, moreover, that defendant refused to obey the Court's orders, and such action constitutes sufficient grounds for a default judgment."); *see generally Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996) ("District courts have broad discretion under the Federal Rules of Civil Procedure to impose sanctions for failure to comply with court orders.").

For all of the foregoing reasons, the Court finds that plaintiff's Motion for Default Judgment (doc. 25) is due to be, and the same hereby is, **granted**, pursuant to Rule 55(b)(2), Fed.R.Civ.P., and the inherent powers of the Court.  It is therefore **ordered, adjudged and decreed** that a default judgment shall be entered against defendants Red Rock Holdings, LLC, and Barry Jernigan, at such time as damages have been established.

With regard to damages, the law requires "a judicial determination of damages absent a

factual basis in the record." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).  Where the claims in question are not for a sum certain or a liquidated amount, damages may not be awarded against a defaulted defendant "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (award of statutory damages without evidentiary showing was improper); *see also Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty); *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 18-19 (1st Cir. 2003) (trial court abused discretion by fixing damages without evidentiary inquiry where claim was not for a sum certain).  After all, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters," and that the plaintiff does not "allege a completely unreasonable or speculative amount of damages with no factual basis." *Anheuser Busch*, 317 F.3d at 1266.

In this case, it appears that certain claims against the defaulted defendants are subject to computation as a sum certain (*e.g.*, the claim against Red Rock for default on a Note Payable), while certain other claims may not be (*e.g.*, the claims against Jernigan for fraud and the like). Under the circumstances, the Court understands that plaintiff's position is that a hearing is necessary to resolve the outstanding damages issues against the defaulted defendants and that it will not be possible to quantify damages accurately on all claims using written evidentiary submissions such as affidavits and other documentation.  *See generally United Artists*, 605 F.2d at 857 (identifying hearing and detailed affidavits as alternatives for establishing necessary facts for damages).  However, the Court cannot reach the damages issue at this time, inasmuch as plaintiff's claims against defendant Harbin remain unresolved.  Presumably, there will be considerable overlap in plaintiff's proof of damages at trial with respect to defendant Harbin, and plaintiff's proof of damages against the defaulted defendants (and especially Jernigan), particularly given that Harbin and Jernigan are alleged to have collaborated on a unified scheme to defraud Novotny of substantial sums of money.  Rather than conduct a hearing now to fix damages as to Red Rock and Jernigan, only to have a trial in due course covering largely identical damages evidence as to Harbin and creating a risk of inconsistent awards in the event

that Harbin is found liable, a far more efficient approach for both the litigants and this Court would be to hear this damages evidence one time, and one time only. *See generally In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1262 (7th Cir. 1980) (noting that if damages were entered against defaulting defendants now, and if plaintiff subsequently prevailed as to answering defendants, then two distinct damages determinations would have to be made, raising specter of inconsistencies and thwarting judicial economy). Accordingly, no immediate hearing on damages will be conducted. At the Final Pretrial Conference in this matter, the undersigned will discuss with counsel for the remaining parties whether plaintiff's damages evidence as to Harbin at trial will be co-extensive with its planned damages showing as to the defaulted defendants. To the extent that it is not, arrangements will be made for Novotny to offer a supplemental evidentiary showing on damages as to the defaulted defendants.[3]

The Clerk is directed to mail copies of this Order to defendant Barry Jernigan, 24600 County Road 71, Robertsdale, AL 36567-3250, and to defendant Red Rock Holdings, LLC, c/o Michael Harbin, Statutory Agent, P.O. Box 851372, Mobile, AL 36685-1372.

DONE and ORDERED this 14th day of August, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]     As a general proposition, a defaulting party is entitled to present evidence of damages at an evidentiary hearing to fix damages. *See, e.g., Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 321 (2d Cir. 1986) (district court improperly failed to consider defaulted defendant's evidence on damages). To facilitate this objective, the defaulted defendants will be given written notice, at their addresses of record, of the scheduled dates for trial and any supplemental damages hearing in this matter. In this regard, the defaulted defendants are cautioned that this Court will not undertake to find them if their addresses change in the interim. If the defaulted defendants desire notice of the trial and damages hearing dates, it is their responsibility to notify the Clerk's Office of any changes in their mailing addresses between now and the time of said trial and/or damages hearing. Failure to do so will amount to a waiver of their right to participate in any proceedings to affix damages against them in this matter.