IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES A. NOVOTNY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0171-WS-C |
| | ) |
| MICHAEL JACK HARBIN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter is before the Court on Plaintiff Charles A. Novotny's Acceptance of Defendant Barry Jernigan's Offer of Judgment and Statement Regarding Damages Against Defendant Red Rock Holdings, LLC (doc. 52).

    On June 6, 2007, *pro se* defendant, Barry Jernigan, as to whom an order of default had previously been entered, filed a Confession of Judgment (doc. 46) consenting to entry of judgment in plaintiff's favor and against him in the amount of $160,000, plus post-judgment interest at the rate of 10% per annum, plus costs of this action. Such Confession of Judgment did not reflect whether plaintiff consented to the entry of same; therefore, on June 11, 2007, the undersigned entered an Order (doc. 49) directing plaintiff to state in writing whether he accepted Jernigan's Confession of Judgment. Plaintiff now represents that he "accepts Defendant Barry Jernigan's offer and confession of judgment filed June 6, 2007." (Doc. 52, at 1.) Accordingly, Jernigan's Confession of Judgment is effective, and the undersigned will enter a separate judgment in plaintiff's favor and against Jernigan in conformity with the terms set forth in said Confession of Judgment.

    There is, however, another defendant as to whom the final disposition of claims remains unsettled at this time. Defendant Red Rock Holdings, LLC, has never appeared in this action, despite all appearances that it was served with process in a timely manner. On August 14, 2006, upon motion by Novotny, the undersigned entered an Order (doc. 29) declaring Red Rock to be in default for failure to respond or otherwise plead. The August 14 Order, *inter alia*, "**ordered,**

**adjudged and decreed** that a default judgment shall be entered against defendant[] Red Rock Holdings, LLC ... at such time as damages have been established." (Doc. 29, at 3.) To date, no damages have been established as to Red Rock; therefore, plaintiff's claims against Red Rock remain in play. In response to the June 11 Order's directive that he identify his intentions with respect to the Red Rock claims, plaintiff asserts that no evidentiary hearing is necessary to affix damages and requests entry of default judgment against Red Rock "in the same amount that Mr. Jernigan offered and confessed as judgment." (Doc. 52, at 1.) On that basis, plaintiff requests entry of judgment against Jernigan and Red Rock, jointly and severally, in accordance with the terms of the Confession of Judgment. Plaintiff would apparently justify this approach by pointing out that defendant Jernigan is a principal of Red Rock.

The Federal Rules of Civil Procedure do not permit such a streamlined shortcut for entry of default judgment. Red Rock has never filed an offer of judgment in any amount, and has never manifested any agreement or stipulation that the $160,000 figure to which Jernigan assented represents an appropriate level of damages as to it. Moreover, nothing in Jernigan's Confession of Judgment suggests or supports an inference that he filed it in his capacity as an officer, executive, principal or agent of Red Rock, or that he had any intent or authority to bind or commit Red Rock in any way. The mere fact that Jernigan agreed to entry of judgment in the amount of $160,000 does not equate to a like concession by Red Rock. Plaintiff's attempt to bootstrap a $160,000 default judgment against one defendant on another defendant's consent to entry of judgment in that amount is nothing more than wishful thinking.

In short, Red Rock has taken no action and made no filing that would excuse the Court from its obligation under Rule 55(b)(2), Fed.R.Civ.P., to make a determination of damages before entering a default judgment, where as here the amount of damages is not a sum certain or liquidated amount. Nor has plaintiff made any factual showing that would enable the Court to make such a determination. As the Eleventh Circuit has explained, "[w]hen the amount of damages is in dispute, as in the instant case, only the court may enter judgment, and then only after determining the amount of damages. ... There can be no 'judgment' without a determination of relief." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997); *see also U2 Home Entertainment, Inc. v. Fu Shun Wang*, 482 F. Supp.2d 314, 318 (E.D.N.Y. 2007) (upon entry of default judgment, "claims for damages must generally be

established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. ... An evidentiary presentation is required so that the court may ensure that there is a basis for the damages sought before entering judgment in the amount demanded."); *Flynn v. Angelucci Bros & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) ("A default judgment, however, does not automatically establish liability in the amount claimed by the plaintiff. ... Unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded.") (citation omitted).  The law is clear that "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters," and that the plaintiff does not "allege a completely unreasonable or speculative amount of damages with no factual basis." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

The problem is that, in its present state, the record contains no evidentiary basis on which the Court might rely for entry of a $160,000 default judgment against Red Rock.  Plaintiff and Jernigan may agree that such an amount is an appropriate level of damages to fix as to defendant Jernigan, but there is no indication that anyone other than plaintiff thinks $160,000 is an appropriate level of damages to fix as to defendant Red Rock.  A much greater showing is required before the Court could conclude that the requested amount of damages against Red Rock is not a completely unreasonable or speculative amount.  For the Court to enter a $160,000 default judgment against Red Rock blindly, with no evidentiary basis and solely on plaintiff's say-so, would be to proceed in contravention of *Chudasama*, *Anheuser-Busch*, and the other authorities recited above.

Plaintiff must make a decision.  If he wishes to pursue his claims against Red Rock further, then he must either (a) secure Red Rock's consent to entry of default judgment against it in an agreed amount, or (b) prepare and present an evidentiary showing sufficient to provide an adequate factual basis to enable the Court to determine damages against Red Rock.  Last year, when the Court indicated that a default judgment would be entered against Red Rock at such time as damages could be ascertained, plaintiff took the position that a hearing would be necessary to resolve the outstanding damages issues and that it would not be possible to quantify damages accurately using written evidentiary submissions such as affidavits and other documentation.  *See generally United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.

1979) (identifying hearing and detailed affidavits as alternatives for establishing necessary facts for damages). If that remains plaintiff's position, then a hearing date will need to be set as soon as is practicable to avoid unnecessarily delaying the final disposition of this litigation.

In light of the foregoing, plaintiff is **ordered**, on or before **June 28, 2007**, to notify the Court in writing as to the following matters: (a) whether he intends to pursue his claims against Red Rock; (b) whether Red Rock has agreed to stipulate to entry of default judgment against it in an amount acceptable to plaintiff; (c) if plaintiff intends to proceed and if Red Rock does not consent to entry of default judgment in a mutually agreeable amount, whether plaintiff maintains that an evidentiary hearing is necessary to fix damages or whether he contends that detailed affidavits will be sufficient, and why; (d) the nature and extent of the evidence that he contemplates presenting; (e) whether plaintiff consents to having the Court fix damages, or whether he contends that a jury should make that determination; and (f) when plaintiff believes he will be ready to present his damages evidence.

DONE and ORDERED this 21st day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE